IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WRIGHT PETROLEUM COMPANY, INC. and WILLIAM E. WRIGHT, JR., | § § § § | Case No. 1:15-cv-185 |
| Plaintiffs, | § § § | |
| v. | § § § | |
| RREF CB SBL II-TX Two, LLC, | § § § | |
| Defendant. | § § § § | |

## DEFENDANT'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, OPPOSED MOTION TO ABSTAIN

Defendant RREF CB SBL II-TX Two, LLC ("Defendant") files this motion asking the Court to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, stay this proceeding in favor of a prior-filed action in state court.

## I.     BACKGROUND

Defendant is the holder of a promissory note executed by Plaintiff Wright Petroleum Company, Inc. ("WPC") and guaranteed by Defendant William E. Wright Jr. ("Wright"). On August 12, 2014, RREF CB SBL II Acquisitions, LLC filed suit against WPC and Wright to recover under the note and guaranty. *See RREF CB SBL II Acquisitions, LLC v. Wright Petroleum Company, Inc. et al.*, Case No. 2014-DCL-05374, 404th Judicial District Court of Cameron County, Texas (the "First Lawsuit"). Thereafter, RREF CB SBL II Acquisitions, LLC ("RREF") assigned the loan documents to Defendant, RREF CB SBL II-TX Two, LLC, its special purpose entity created for the purpose of foreclosure. Defendant foreclosed pursuant to

the deed of trust and, to date, has continued to prosecute the First Lawsuit in the name of RREF to recover the deficiency owed under the note and guaranty.[1]

In the First Lawsuit, WPC and Wright have asserted the following counterclaims: (1) declaratory judgment; (2) common law fraud – civil conspiracy to commit common law fraud; (3) fraud by nondisclosure or omission – civil conspiracy to commit fraud by nondisclosure or omissions; (4) civil conspiracy to breach the common law duty of good faith and fair dealing arising from a "special relationship" – Compass and RREF; (5) civil conspiracy to breach the duty of honest and forthright performance – Compass and RREF; (6) Compass' negligent supervision of bank management and negligent training – Compass and RREF; and (7) usury. *See* Exhibit A (Counterclaims). Additionally, in the first lawsuit, WPC and Wright have raised a surplus of defenses, including: (1) that RREF did not act in good faith or reasonably; (2) comparative/proportionate responsibility[2]; (3) unconscionable agreement and conduct; and (4) usury. *See* Exhibit B (Answer).

The parties filed motions for summary judgment in the First Lawsuit, which the state court heard on November 9, 2015, and took under advisement. Specifically, RREF moved for summary judgment on its deficiency claim and for summary judgment on WPC and Wright's counterclaims. WPC and Wright moved for summary judgment on their usury claim and on the

---

[1] Under Texas law, an assignee can continue suit in the name of the assignor. *See, e.g.*, *Mach. & Equip. Co. v. Gordon Knox Oil & Exploration Co.*, 442 S.W.2d 315, 317 (Tex. 1969). The assignor is a nominal party, and the assignee is the real party in interest. *E.g.*, *Fitness Evolution, L.P. v. Headhunter Fitness, L.L.C.*, 05-13-00506-CV, 2015 WL 6750047, at *14-15 (Tex. App.—Dallas Nov. 4, 2015, no. pet. h.).

[2] It is not clear why WPC and Wright raise these defenses because Defendant is suing in contract, not tort.

basis that RREF lacks standing to bring suit. The First Lawsuit is currently set for trial on December 7, 2015.[3]

On October 19, 2015, WPC and Wright filed this lawsuit against Defendant. WPC and Wright bring the following claims: (1) declaratory judgment – wrongful and void foreclosure; (2) usury; (3) breach of the duty to act under the guaranty agreement in good faith; (4) breach of the duty to act under the guaranty agreement reasonably; and (5) breach of contract. As set forth herein, this lawsuit should be dismissed because Plaintiffs lack standing to pursue their wrongful foreclosure claim and fail to state a claim for relief. Alternatively, this lawsuit should be abated or stayed in favor of the First Lawsuit, which includes the same claims and issues and exposes the parties to the risk of inconsistent adjudications. Defendant addresses each request in turn.

## II.   MOTION TO DISMISS—12(b)(1)

As set forth herein, WPC and Wright lack standing to bring a claim for wrongful foreclosure because they were not the owners or mortgagors of the subject property.

### A.   Legal Standard

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject-matter jurisdiction of the federal district court.  *See* Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction," and only possess the authority conferred by Congress or the Constitution. *E.g.*, *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Therefore, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The burden of establishing subject-matter jurisdiction is on the party seeking to invoke it.

---

[3] The state court granted RREF's motion to continue the trial setting but has yet to enter a scheduling order.

*See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In determining a motion to dismiss, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

### B.       Analysis

The subject property is located at 1317 N. FM 509, Harlingen, Texas. As evidenced by the deed of trust, the owner of the property (prior to foreclosure) was Joshua Investments LLC ("Joshua"). *See* Exhibit D ("Deed of Trust"). Joshua pledged the property as collateral for WPC's loan. *Id.* Thus, under Texas law, Joshua was the owner and mortgagor. *See* Tex. Prop. Code § 51.0001(5) ("'Mortgagor' means the grantor of a security instrument.").

On September 18, 2014, Joshua, which later became known as "Wright Joshua Investments, LLC," filed for bankruptcy in the Southern District of Texas. *See In re: Wright Joshua Investments, LLC*, Case No. 14-20381, United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division. Thus, the property (which also secured Joshua's own loans with RREF) became property of the bankruptcy estate. Ultimately, the parties reached an agreed plan whereby Joshua surrendered the property in satisfaction of its debt. Joshua agreed that it would not take any actions to "delay, hinder, forestall, prevent or otherwise impede in any manner" the disposition of the property. *See* Exhibit H ("Confirmation Plan") at ECF No. 125-1, p. 8. Now, WPC and Wright purport to challenge the foreclosure.

"To contest a bank's foreclosure under a deed of trust, a party must, at the time of the foreclosure, either 1) be the mortgagor under the deed of trust or be in privity with the mortgagor, or 2) have an ownership interest in the property affected by the foreclosure." *Cuauhtli v. Chase Home Fin. LLC*, 406-CV-472-A, 2007 WL 548759, at *3 (N.D. Tex. Feb. 22,

2007), *aff'd*, 252 F. App'x 690 (5th Cir. 2007) (internal quotation marks omitted) (citing *Ursic v. NBC Bank South Texas, N.A.*, 827 S.W.2d 334, 336 (Tex. App.-Corpus Christi 1991, writ denied); *Goswami v. Metropolitan Sav.*, 751 S.W.2d 487, 489 (Tex. 1988)). At minimum, the party must have a legal or equitable interest in the property to challenge the foreclosure. *Reeves v. Wells Fargo Home Mortg.*, 544 F. App'x 564, 568 (5th Cir. 2013).

Here, WPC and Wright were not the owner or mortgagor and have no interest in the property. *Cf. Reeves v. Wells Fargo Home Mortg.*, 544 Fed. App'x 564 (5th Cir. 2013) (concluding that a plaintiff who acquired a property interest through a quit-claim deed had an equitable interest and could challenge the foreclosure sale); *Kiper v. BAC Home Loans Serv., LP*, 884 F. Supp. 2d 561 (S.D. Tex. 2012) (finding that the plaintiff had standing to challenge a foreclosure sale because his wife was the borrower on the loan and the mortgagor on the deed of trust and the home was presumptively community property); *Hitchclock Props., Inc. v. Levering*, 776 S.W.2d 236, 238 (Tex. App.—Houston [1st Dist.] 1989) ("Thus, if nothing else, the granting of an option [supported by consideration] creates an 'equitable' interest in land . . . ."). As such, they cannot maintain a claim for wrongful foreclosure.

This result makes sense for two reasons. First, the *actual owner and mortgagor* consented to the foreclosure. Second, WPC and Wright have not been injured. In this suit, they ask the Court to declare the foreclosure sale void. *See* Compl. at ¶ 19. No matter what, WPC and Wright must pay the amount they *admit* is due and owning under the note. *See* Compl. at ¶ 6. Any money that is applied to their debt as a result of the foreclosure **is a gift from Joshua**. If anyone should be challenging the foreclosure, it is Joshua. But, of course, Joshua is not because it agreed to the disposition of *its* property in its bankruptcy proceeding. Plaintiffs' wrongful foreclosure claim is nothing more than a last-ditch attempt to delay and obstruct.

For the reasons addressed herein, Defendant respectfully asks this Court to find that Plaintiffs lack standing to bring the wrongful foreclosure claim and to dismiss the same.

## III.     MOTION TO DISMISS—12(b)(6)

Additionally, Plaintiffs' claims should be dismissed under Rule 12(b)(6) because Plaintiffs fail to state a claim for relief.

### A.     Legal Standard

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Twombly,* 550 U.S. at 555).  In deciding whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *In re Great Lakes,* 624 F.3d at 210.  The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*

### B.     Analysis

WPC and Wright bring the following claims: (1) declaratory judgment – wrongful and void foreclosure; (2) usury; (3) breach of the duty to act under the guaranty agreement in good faith; (4) breach of the duty to act under the guaranty agreement reasonably, and (5) breach of contract. Each fail the 12(b)(6) standard.

#### 1.     *Declaratory judgment – wrongful and void foreclosure*

Plaintiffs seek the following declarations:

a. [Defendant] knowingly and intentionally foreclosed upon the Property pursuant to a number of irregularities, including obtaining a bogus appraisal, and intentionally directed or allowed the Substitute Trustee to chill the bidding by suspending bidding upon announcement without re-advertising or telling any of the participants and prospective bidders when the sale would be, if at all, reconvened.

b. As a result of the bad faith foreclosure for a grossly inadequate purchase price and including the irregularities, the foreclosure is void and Plaintiffs are entitled to an order of this Court voiding the foreclosure.

Pls.' Compl. at ¶ 19 (ECF No. 1). Because a declaratory judgment claim cannot stand alone, Plaintiffs' claim appears to be premised on a claim for wrongful foreclosure. *See Bacon v. U.S. Bank Nat. Ass'n*, 4:12CV86, 2012 WL 4506532, at *2 (E.D. Tex. Aug. 31, 2012); *Shaw v. Wells Fargo Bank, N.A.*, 4:12-CV-01422, 2013 WL 4829268, at *6 (S.D. Tex. Sept. 10, 2013).

The elements of wrongful foreclosure are: (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and grossly inadequate selling price. *E.g.*, *Marsh v. JPMorgan Chase Bank. N.A.*, 888 F. Supp. 2d 805, 814 (W.D. Tex. 2012). Importantly, "wrongful foreclosure due to fraud is not a recognized cause of action under Texas law." *Mandala v. Wells Fargo Bank*, N.A., CIV.A. 4:12-2335, 2013 WL 1828022, at *3 (S.D. Tex. Apr. 30, 2013) (citing *Casey v. Fed. Home Loan Mortg. Ass'n*, Civ. A. No. H–11–3830, 2012 WL 1425138, at *4 (S.D. Tex. April 23, 2012); *Barcenas v. Fed. Home Loan Mortg. Corp.*, Civ. A. No. H–12–2466, 2013 WL 286250, at *7 (S.D. Tex. Jan. 24, 2013); *Colbert v. Fed. Nat'l Mortg. Ass'n*, Civ. A. No. H–12–2827, 2013 WL 505343, at *4 (S.D. Tex. Feb. 8, 2013)). Instead, the "defect" must be a violation of contractual or statutory terms. *See id.* Here, Plaintiffs have failed to plead a violation of a contractual or statutory term and, therefore, fail to state a claim for wrongful foreclosure. For this reason alone, Plaintiffs' declaratory action claim should be dismissed.

Additionally, a wrongful foreclosure claim is premised on lack of possession of the

property. *Brackens v. Ocwen Loan Servicing, LLC*, 3:13-CV-3458-L, 2015 WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) (citing *Baker v. Countrywide Home Loans, Inc.*, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009)). Joshua has failed to surrender possession of the property, and its successor entities Armatura, L.L.C, Petrochem Transport, Inc., PTI Logistics, Inc. d/b/a Rio Logistics (all of which are represented by WPC and WW's counsel) currently occupy the property. Defendant asks the Court to take judicial notice of its eviction proceeding, *RREF CB SBL II-TX Two, LLC v. Rio Logistics, LLC et al.*, Cause No. 2015-IFD-00121, in the Justice Court, Precinct 3-2 Harlingen, Cameron County, Texas.

For these reasons, Plaintiffs' "wrongful foreclosure" claim should be dismissed.

2. *Usury*

As an initial matter, Plaintiffs' usury claim must be dismissed because Plaintiffs failed to provide the statutorily required notice and the note contains a usury savings clause. WPC and Wright failed to provide (and to plead having provided) the statutorily required notice. *See* Tex. Fin. Code § 305.006 ("Not later than the 61st day before the date an obligor files a suit seeking penalties for a transaction in which a creditor has contracted for, charged, or received usurious interest, the obligor shall give the creditor written notice stating in reasonable detail the nature and amount of the violation."). This is a prerequisite to filing suit. *Sotelo v. Interstate Fin. Corp.*, 224 S.W.3d 517, 522 (Tex. App.—El Paso 2007, no pet.). This provision is intended to provide creditors a means to correct any usury before the debtor files suit. *Id.* Nowhere in their petition do WPC and Wright allege that they provided notice to Defendant (they did not); therefore, they cannot prosecute their usury claim and, for this reason alone, it must be dismissed.

Additionally, Plaintiffs cannot state a claim for usury because the note contains a usury savings clause. *See* Exhibit F ("Note").[4] Usury savings clauses are routinely enforced and defeat a claim for usury.  *See, e.g.*, *Woodcrest Assocs., Ltd. v. Commonwealth Mortg. Corp.*, 775 S.W.2d 434, 437 (Tex. App.—Dallas 1989, pet denied) ("Texas courts have repeatedly acknowledged the validity of usury savings clauses and enforced such clauses to defeat a violation of the usury laws.").

From the start, Plaintiffs' usury claim fails because Plaintiffs failed to provide the statutorily required notice to Defendant and because the note contains a usury savings clause. More specifically, the theories upon which Plaintiffs base their claim are unsupported by the law. Plaintiffs allege two theories to support their usury claim. First, Plaintiffs contend the Guaranty contracts for usurious interest. *See* Compl. at ¶ 25. Second, Plaintiffs allege Defendant made usurious demands on Plaintiffs by not timely crediting the proceeds of the foreclosure sale. *See id.* at ¶ 24. Both theories fail as a matter of law, as set forth herein.

### a.       Defendant did not contract for usurious interest.

Plaintiffs' contracted-for theory is time barred. An action under § 305.006 of the Texas Finance Code must be brought within four years of the date on which the usurious interest was contracted for, charged, or received. Tex. Fin. Code. § 305.006(a). Wright contends certain language in the guaranty agreement is usurious, but this agreement was signed more than four years ago. *See* Exhibit E ("Guaranty").[5] Therefore, this claim must be dismissed. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal

---

[4] The Court may consider the note because it is referred to in Plaintiffs' complaint and is central to the same. *Forbes*, 2:14-CV-317, 2015 WL 419623, at *4.

[5] The Court may consider the guaranty because it is referred to in Plaintiffs' complaint and is central to the same. *Forbes*, 2:14-CV-317, 2015 WL 419623, at *4.

under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and

the pleadings fail to raise some basis for tolling or the like.").

Moreover, Plaintiffs' first usury theory is nonsense. Wright contends the following

language results in a contract for usurious interest:

> I will remain obligated to pay on this Guaranty even if any other person who is
> obligated to pay the Debt, including the Borrower, has such obligation discharged
> in bankruptcy, foreclosure, or otherwise discharged by law.

*See* Exhibit E; Compl. at ¶25. This is not the charging of interest. "Interest" is "compensation for

the use, forbearance, or detention of money." Tex. Fin. Code § 301.002(a)(4). As the United

States Court of Appeals for the Fifth Circuit explained:

> A guarantor of a promissory note, however, does not receive such use,
> forbearance, or detention of money under a promissory note. A demand made to
> the guarantor only for sums owed by the notemaker under the guaranteed note is,
> therefore, not a demand for interest. It is simply a demand for the undifferentiated
> sum of money defined in the guaranty agreement.

*First S. Sav. Ass'n v. First S. Partners, II, Ltd.*, 957 F.2d 174, 177 (5th Cir. 1992). For these

reasons, Plaintiffs' first theory fails and must be dismissed.

### b.    Defendant did not demand usurious interest.

Similarly, Plaintiffs' demand theory is unsupported by the law. Plaintiffs allege,

"Defendant made numerous usurious demands upon Plaintiffs for the full amount of the debt

after receiving approximately $440,000 at the foreclosure sale and refused to offset the amount

of the debt by those proceeds." *See* Compl. at ¶ 24. As evident on the face of their complaint,

Plaintiffs do not allege that Defendant charged a usurious rate of interest; instead, they contend

Defendant demanded more money than owed. *Id.* This is not interest. *See* Tex. Fin. Code §

301.002(a)(4). Even assuming Plaintiffs' allegations to be true, that Defendant failed to reduce

the principal balance of the loan, the resulting demand for payment was not for usurious interest.

*See McPherson Enterprises, Inc. v. Producers Co-op. Mktg. Ass'n, Inc.*, 827 S.W.2d 94, 96 (Tex.

App.—Austin 1992, writ denied). If this were the case, "[a]ny time [a] creditor sent a bill for a disputed debt balance, the debtor could claim the creditor had charged a usurious rate of interest." *Id.*

Moreover, Plaintiffs fail to pled sufficient facts to support their claim. *In re Great Lakes,* 624 F.3d at 210 (explaining that conclusory allegations will not withstand a motion to dismiss). Plaintiffs' conclusory allegation that Defendant "made numerous usurious demands" fails to put Defendant on notice of the claim—a fact which is highlighted by Plaintiffs' failure to provide the *statutorily mandated notice. See Sotelo*, 224 S.W.3d at 522 (explaining the purpose of the notice provision is to allow the creditor to correct a contract or demand for usury).

For these reasons, Plaintiffs' usury claim should be dismissed.

3.      *Breach of the duty to act under the guaranty agreement in good faith*

Plaintiffs contend the guaranty imposes a "contractual and common law duty to act in good faith." Compl. at ¶ 27. This claim is nonsensical for several reasons. First, Plaintiffs fail to identify any provision of the contract that creates such an alleged duty. And, even if they could identify such provision (they cannot), their claim would be for breach of contract. *See, e.g.*, *Bernard Johnson, Inc. v. Cont'l Constructors, Inc.*, 630 S.W.2d 365, 368 (Tex. App.—Austin 1982, writ ref'd n.r.e.) ("[A]ny action is said to be in substance an action on the contract, even though it is denominated an action for negligent performance of the contract."). "An allegedly negligent failure to perform a contract, standing alone, is not recognized as an actionable tort in Texas." *Sergeant Oil & Gas Co., Inc. v. Nat'l Maint. & Repair, Inc.*, 861 F. Supp. 1351, 1358-59 (S.D. Tex. 1994). And, as set forth in Part II.B.5, *infra*, Plaintiffs have not (and cannot) state a claim for breach of contract against Defendant. Plaintiffs' contract claim, disguised as one for tort (of course, with an accompanying request for punitive damages), must be dismissed.

Second, Texas courts do not recognize a common law duty of good faith as between lenders and guarantors. *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied) ("Texas courts have found no special relationship between a mortgagor and a mortgagee, ***or between a creditor and a guarantor***, that would impose an independent common law duty of good faith and fair dealing." (emphasis added)); *see also Bell v. Bank of Am., N.A.*, 2014 WL 1664018, at *4 (N.D. Tex. Apr. 24, 2014) ("Texas courts generally do not impose a duty of good faith and fair dealing in the mortgagor/mortgagee relationship."). Simply put, Plaintiffs' claim lacks any basis in law and must be dismissed.[6]

### 4.   Breach of the duty to act under the guaranty agreement reasonably

Similarly, Plaintiffs contend the guaranty imposes a "contractual and common law duty to act reasonably." Compl. at ¶ 32. This claim fails for the reasons set forth in Part II.B.4, namely that Plaintiffs' claim (if any) sounds in contract, and that Plaintiffs are prohibited from maintaining a claim for breach of contract based on their default. Moreover, Texas courts do not recognize a common law duty to act reasonably between lenders and guarantors. And, lastly, Plaintiffs' allegations do not even make sense. *See, e.g.*, Compl. at ¶¶ 34, 35 ("Defendant has breached its duty of acting unreasonably in the performance of the Guaranty contract."). For these reasons, this claim should be dismissed.

### 5.   Breach of contract

Plaintiffs cannot state a breach of contract claim against Defendant because, at minimum, they do not (and cannot) allege that they performed under the contract. *See Golden v. Wells Fargo Bank, N.A.*, 557 Fed. Appx. 323, 327 (5th Cir. 2014). "In Texas, performance or tendered performance by the plaintiff is an essential element of a breach of contract claim." *Id.*

---

[6] At minimum, Plaintiffs' allegations are incomprehensible. *See, e.g.*, Compl. at ¶ 29 ("Defendant has breached their duty to not refrain from acting, or to omit acts or conduct, in bad faith.").

Additionally, a party to a contract who is in default cannot maintain a suit for its breach. *Id.* at 327-28 (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)). ***Plaintiffs admit they defaulted on the loan***. *See* Compl. at ¶ 6. For this reason, Plaintiffs cannot state a claim for breach of contract. *See Wade v. Household Fin. Corp.*, 1-15-CV-210 RP, 2015 WL 3540421, at *3 (W.D. Tex. June 4, 2015) ("Plaintiff's default dooms his breach of contract claim."); *see also Fields v. JP Morgan Chase Bank*, 4:14-CV-012-A, 2014 WL 5472449, at *3 (N.D. Tex. Oct. 29, 2014) ("Because plaintiffs breached the contract by nonpayment prior to the foreclosure, plaintiffs cannot bring a breach of contract action.").

In addition, Plaintiffs fail to identify the provision that was allegedly breached. In order to properly state a cause of action for breach of contract, a party must state which term of the contract, specifically, it is that they allege to have been breached. *See Innova Hosp. San Antonio, L.P. et al. v. Blue Cross & Blue Shield of Georgia, Inc. et al.*, 995 F. Supp. 2d 587, 602-03 (N.D. Tex. 2014) (citing *Watson v. Citimortgage, Inc.,* 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011); *Motten v. Chase Home Fin.,* 831 F. Supp. 2d 988, 1003-04 (S.D. Tex. 2011); *Encompass Office Solutions*, 775 F. Supp. 2d 938, 953-54 (E.D. Tex. 2011); *Am. Realty Trust, Inc. v. Travelers Cas. & Sur. Co. of Am.,* 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005); *Bayway Servs., Inc. v. Ameri–Build Constr., L.C.*, 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no pet.)) (explaining that, under Texas law, "[t]o plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that was allegedly breached").

Here, Plaintiffs have failed to identify the contractual provision that was allegedly breached. *See* Compl. at ¶¶38-43. Instead, what they have done is regurgitate their other claims in an attempt to recover attorneys' fees. *See id.* at ¶¶ 44-45. Similarly, Plaintiffs fail to allege facts that establish how the provision was breached. Simply put, they have failed to put

Defendant on notice as to the nature of their claim.

For these reason, Plaintiffs cannot (and fail to) state a claim for breach of contract.

## IV.    MOTION TO ABSTAIN

In the alternative, Defendant asks the Court to abstain in favor of a prior-filed action in state court concerning this dispute and these parties.

### A.    Legal Standard

Courts within the United States Court of Appeals for the Fifth Circuit apply two doctrines in deciding whether to stay a proceeding in favor of an ongoing, parallel state proceeding. *Wright v. Spindletop Films, L.L.C.*, 845 F. Supp. 2d 783, 787 (S.D. Tex. 2012) (citing *New Eng. Ins. Co. v. Barnett,* 561 F.3d 392, 395 (5th Cir. 2009)). The first, the *Brillhart* doctrine, applies to claims under the Declaratory Judgment Act. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 (1942). The second, the *Colorado River* doctrine, applies to claims for coercive relief. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). When a plaintiff seeks both declaratory and coercive relief, courts apply the *Colorado River* standard. *Wright*, 845 F. Supp. 2d at 788.

The *Colorado River* analysis has two-parts. *Id.* First, courts consider whether there are parallel proceedings in state and federal court. *Id.* Second, if the proceedings are parallel, "exceptional circumstances" must exist to warrant abstention. *Id.* Proceedings are parallel if they involve the same parties and the same issues. *Id.* "The Fifth Circuit has recognized some flexibility in the parallelism requirement, holding that 'there need not be applied in every instance a mincing insistence on precise identity' of parties and issues." *Id.* (quoting *RepublicBank Dallas, Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

In determining whether exceptional circumstances exist, courts consider: "(1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Id.* at 789.

## B.    Analysis

This lawsuit should be abated in favor of the prior-filed action because the two proceedings are parallel and the *Colorado River* factors favor abstention.

### 1.    The two lawsuits are parallel.

The First Lawsuit and this lawsuit are parallel proceedings because they involve the same parties and the same core facts. *Wright*, 845 F. Supp. 2d at 788. Although RREF is listed as the plaintiff in the style of the First Lawsuit, Defendant is the real party in interest and is prosecuting the suit. In its Second Amended Petition, which was filed in the First Lawsuit on September 29, 2015, Defendant states:

> [RREF CB SBL II Acquisitions, LLC] transferred, pledged, and assigned all of its rights, title, claim, and interest in the Loan Documents to [RREF CB SBL II-TX Two, LLC]. . . . [RREF CB SBL II-TX Two, LLC] elects to continue suit in the name of [RREF CB SBL II Acquisitions, LLC]

*See* Exhibit C (2d Am. Petition) at ¶ 22 & n.1. Moreover, RREF is the sole member of Defendant, so any distinction is superficial. Thus, the same parties are present in both proceedings.

Additionally, the First Lawsuit and this suit both concern Defendant's efforts to recover the amounts due and owing under the loan documents. In both suits, WPC and Wright are attempting to avoid their contractual obligation to repay their loan by raising a multitude of defenses and claims. And, in both suits, WPC and Wright are seeking damages from Defendant

based on alleged usury. WPC and Wright's attempt to distinguish their claims is in vain. For example, in the First Lawsuit, WPC and Wright allege breach of "the common law duty of good faith and fair dealing arising from a special relationship" and breach of "the duty of honest and forthright performance." See Exhibit A (Counterclaims). Here, WPC and Wright bring claims for "breach of the duty to act under the guaranty agreement in good faith" and "breach of the duty to act under the guaranty agreement reasonably." *See* Compl. at 9-10.

Even worse, at the time WPC and Wright filed this action, Plaintiff had moved for summary judgment in the First Lawsuit on WPC and Wright's counterclaims, establishing that several do not exist under Texas law. *See* Exhibit G ("Motion for Summary Judgment"). Rather than acknowledge they have pled claims that simply do not exist, WPC and Wright decided to "recategorize" their claims and assert them in a brand new lawsuit. At bottom, WPC and Wright's claims in both suits are attempts to avoid paying their commercial loan—a loan they do not dispute is in default.[7] *See* Compl. at ¶ 6. Both courts are called upon to determine the parties' rights and obligations under the Loan Documents. For this reason, the two cases are parallel and the *Colorado River* doctrine applies. *Wright*, 845 F. Supp. 2d at 788.

> ### 2.     The Colorado River *factors favor abstention.*

The following factors weigh in favor of abstention: (1) the avoidance of piecemeal litigation; (2) the order in which jurisdiction was obtained by the parallel forums; (3) the extent federal law provides the rules of decision on the merits; and (4) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Wright*, 845 F. Supp. 2d at 789.

---

[7] Defendant anticipates that Plaintiffs will contend the two suits are not parallel because their wrongful foreclosure claim has not been pled in the First Lawsuit. This misses the mark. First, as set forth herein, Plaintiffs lack standing to pursue a wrongful foreclosure claim. Second, even if Plaintiffs have standing, they fail to state a claim for wrongful foreclosure. And, lastly, to the extent this claim is viable, Plaintiffs should have brought it in the First Lawsuit, *which is a deficiency suit.*

As set forth above, the parties have moved for summary judgment on their respective claims in the First Lawsuit and are awaiting a ruling from the Court. WPC and Wright's decision to bring this separate lawsuit, rather than assert their claims in the First Lawsuit, presents the risk of "piecemeal litigation" and "inconsistent rulings." *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5th Cir. 2000).To illustrate, in the First Lawsuit, WPC and Wright seek a declaration that the guaranty is "ambiguous and unenforceable under the law of the State of Texas . . . ." *See* Exhibit A at p. 19. Here, WPC and Wright use the very same guaranty as the basis for three claims against Defendant. *See* Compl. at pp. 9-11. Thus, in one forum, Plaintiffs ask the Court to declare the guaranty void; in the other, Plaintiffs ask the Court to rely on the guaranty to award them damages against Defendant. Not only are Plaintiffs playing fast and loose with the courts, they are creating a real danger of piecemeal litigation and inconsistent rulings.

Moreover, the state court obtained jurisdiction first (approximately fifteen months ago). Priority is measured in terms of how much progress has been made in the two proceedings. *Black Sea Inv., Ltd.*, 204 F.3d at 651. The First Lawsuit is virtually ready for trial, while this suit was just filed. All that remains in the First Lawsuit is expert discovery on issues relating to the alleged value of the property and the foreclosure. Thus, this factor cautions abstention. Additionally, all of Plaintiffs' claims are governed by state law. Lastly, the state court is an adequate forum because every claim WPC and Wright assert herein can be (or already has been) asserted in the First Lawsuit.

For these reasons, the *Colorado River* factors favor abstention.

## V.  CONCLUSION

As set forth herein, Defendant respectfully requests that this Court grant its motion to dismiss, dismiss all claims against it with prejudice, and award it such other and further relief to which it may be justly entitled. Alternatively, Defendant respectfully asks this Court to stay this proceeding in favor of the First Lawsuit.


Dated: November 18, 2015                          Respectfully submitted,


_/s/ Robert T. Slovak_____
Robert T. Slovak (TX 24013523)
Calli A. Turner (TX 24088558)
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214-999-4685
Facsimile: 214-999-3685
rslovak@gardere.com
cturner@gardere.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 18, 2015, a true and correct copy of this motion was served on the following:

Antonio Ortiz
Shelby A. Jordan
Jordan, Hayden, Womble & Culbreth, P.C.
900 Bank of America North
500 N. Shoreline
Corpus Christi, Texas 78471
Fax: 361.888.5555
aortiz@jhwclaw.com

*/s/  Calli Turner*
Calli A. Turner

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on November 18, 2015, I conferred with counsel for Plaintiffs who stated that Plaintiffs are opposed to Defendant's motion to abstain.

*/s/  Calli Turner*
Calli A. Turner